# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MELVIN DOUGLAS BERROW, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:05CV00019 |
| v. ) | |
| ) | |
| ) | |
| THEODIS BECK, Secretary of ) | |
| the Department of Correction, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Respondent's motion for summary judgment (docket no. 6). Petitioner has responded in opposition to the motion (docket nos. 9 and 10). In this posture, the matter is ripe for disposition.

### I. Background

Petitioner is a state court prisoner serving 156-197 months in the North Carolina Department of Corrections on convictions of breaking and entering, larceny after breaking and entering, possession of stolen property, and attaining habitual-felon status. Petitioner was convicted after trial by jury in the Superior Court of Forsyth County on July 17, 2001, the Honorable Judson Deramus, Jr., judge presiding.

On direct appeal, in an opinion dated August 6, 2002,[1] the court of appeals found no error in Petitioner's trial. Petitioner filed a motion for appropriate relief (MAR) in Forsyth County Superior Court on April 14, 2003, which was denied on July 2, 2003. Then, Petitioner filed a certiorari petition to the court of appeals on March 17, 2004, which was denied on April 2, 2004. Finally, Petitioner's *pro se* federal habeas application was filed in this court on November 2, 2004.

In his federal habeas petition, Petitioner claims generally that his conviction is infirm because: 1) his conviction was obtained in violation of protections against double jeopardy; 2) the trial jury (although Petitioner says "grand or petit jury") was unconstitutionally selected and impaneled; 3) Petitioner received ineffective assistance of counsel at sentencing; and 4) Petitioner's sentence was illegally enhanced based upon prior convictions that were unconstitutionally obtained. Respondent argues that this federal petition was filed outside the statute of limitations set out in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, (codified at 28 U.S.C. § 2244(d)(1)). Brief, pp. 2–5 (docket no. 7). Because I believe that Respondent is correct, I will address only the statute of limitations issue.

---

[1] Respondent incorrectly states that the court of appeals opinion was issued on August 6, 2000, rather than on August 6, 2002.

**II. Discussion**

Under the AEDPA, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed in the federal court within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year period of limitation is tolled while a properly filed state post-conviction proceeding is pending, 28 U.S.C. 2244(d)(2). This period of limitation can also be tolled to ensure equity in the "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *see also Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). Nevertheless, subsequent motions or petitions cannot revive a period of limitation that has already run. *See Minter v. Beck*, 230 F.3d 663,

665 (4th Cir. 2000) (federal habeas claim was time-barred because "more than one year had otherwise elapsed from April 24, 1996, until [the petitioner] filed his § 2254 petition").

Because Petitioner properly appealed his conviction on direct review in state court, the limitation period was tolled while that review was pending. Petitioner pursued direct review only to the court of appeals and did not file a timely notice of appeal or petition for discretionary review to the state supreme court. Therefore, his case became final on direct review 15 days after the court of appeals issued its mandate from its August 6, 2002, written opinion. *See* N.C.R. APP. P. 14(a) and 15(b). The mandate of the court of appeals, which consists of the appellate court's judgment and a copy of its opinion, issued 20 days after the written opinion. *See* N.C.R. APP. P. 32(b). Therefore, Petitioner's case became final on direct review on September 10, 2002, 35 days after the court of appeals issued its written opinion, and it was on this day that Petitioner's period of limitations began to run.

Petitioner's period of limitation ran for 216 days until April 14, 2003, when Petitioner filed an MAR. Petitioner's time was tolled during the review of this MAR in the trial court and in the court of appeals from April 14, 2003, until April 2, 2004. On April 3, 2004, Petitioner's period of limitations began running again and expired 149 days later on August 30, 2004. Petitioner did not file his federal habeas petition until November 2, 2004, several months out of time. Petitioner's assertion that he filed an MAR on October 5, 2004 (Declaration, p. 2 (docket no. 9)), has no bearing,

4

as that filing also would have been out of time and would not have revived the already expired period of limitations. This federal petition is therefore time-barred.

### III. Conclusion

In sum, for the foregoing reasons, Respondent is correct that the federal petition here is time-barred. Accordingly, IT IS RECOMMENDED that Respondent's motion for summary judgment (docket no. 6) be GRANTED. Furthermore, Petitioner's motion for court to consider, etc. (docket no. 11) is ALLOWED[2] and his motion for appointment of counsel (docket no. 12) is DENIED.

_____
Wallace W. Dixon
United States Magistrate Judge

June 13, 2005

---

[2] Unfortunately for Petitioner, this motion does not change the outcome that this federal habeas petition is time-barred.